# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

WAYNE A. GRIBBS, )
        Plaintiff, )
v. ) Case No. CV409-179
GREG McCONNELL, )
        Defendant. )

## **REPORT AND RECOMMENDATION**

Insisting that he is not challenging his conviction, doc. 1 at 5, inmate-plaintiff Wayne A. Gribbs brings this 42 U.S.C. § 1983 action against "Assistant D.A. Greg McConnell" (*id.* at 4) and seeks leave to proceed *in forma pauperis*. Doc. 1, 2.[1]

---

[1] The Court grants Gribbs leave to proceed in forma pauperis, doc. 2, as he is indigent. However, the Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Gribbs's only claim is that the defendant, a prosecutor who prosecuted Gribbs, is "violating his oath of office" by "not fulfilling his duties as a public servant," etc. *Id.* at 5. Gribbs provides no specifics about what those duties are, but he claims that in state court he has filed a "notice of void judgment" and insisted that the prosecutor had no authority to prosecute Gribbs in a state court criminal case. *Id.* He apparently reasons that he is a "sovereign state," and thus the prosecutor had a duty to "answer [his] request for quo warranto and to disclose any information that would pervert justice." *Id.*

Gribbs literally asks this Court to "review the facts and evidence [behind his state criminal court conviction] to determine if [the prosecutor] violated his oath of office and his duty as a public servant." *Id.* at 6. He seeks "appropriate" damages. *Id.* In all but form, then (and here, only substance governs) Gribbs is asserting

> a 28 U.S.C. § 2241 habeas claim. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (to the extent a prisoner attacks the legality of his custody or is seeking release from custody, "his sole federal remedy is a writ of habeas corpus"). "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' ... He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 161 L.Ed.2d

253 (2005) (quoting *Preiser*, 411 U.S. at 489); *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004).

> Section 2241 provides a federal habeas remedy to a state pretrial detainee who contends that he is being held in custody in violation of the Constitution, laws, or treaties of the United States. *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir.2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir.2003); *Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 n. 1 (11th Cir.1988) ("Pre-trial habeas petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). While § 2241 does not contain an exhaustion requirement similar to that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); *see Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir.2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254"). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir.1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F.Supp.2d 1378, 1380 (N.D.Ga.2000).

*Williams v. Chisholm*, 2009 WL 3483585 at * 1 n. 1 (S.D. Ga. Oct. 28, 2009).

Consequently, plaintiff is advised that he must first exhaust his state court remedies before attacking the legality of his state custody or

seeking habeas release in this Court. Gribbs's case therefore should be **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

**SO REPORTED AND RECOMMENDED,** this  2nd  day of February, 2010.

                                                **UNITED STATES MAGISTRATE JUDGE**
                                                **SOUTHERN DISTRICT of GEORGIA**